Electra C. Wheeler et al. v. M. K. Selvidge.

Where the wife had filed the inventory of community property contemplated by the 3d section of the act of 1856, supplementary to the act defining marital rights, and retained possession of the property, she was not absolutely liable for the community debts, but the property was liable to the extent of its value under proper averments; and it was error to render a personal judgment and order execution against the widow, as though the debt were her own. (Paschal's Dig., Art. 4648.)

Appeal from Dallas. The case was tried before Hon. John J. Good, one of the district judges.

This is a suit by appellee on a promissory note, executed by the appellant, Lane, and one G. R. Wheeler, in his lifetime. Wheeler died before the institution of the suit, and his surviving widow, Electra Wheeler, (one of the appellants,) who had given bond and filed an inventory under the statute, (Paschal's Dig., Art. 4646, *et seq.*, p. 780,) was sued with Lane on the note.

Mrs. Wheeler filed a demurrer to the petition and also answer. Judgment was rendered against her and the appellant, Lane, for the amount of the debt and costs generally, and execution ordered to issue. There was a motion made by Mrs. Wheeler in arrest of judgment, which was overruled, and the defendants appealed.

*Hancock & West*, for appellants.

No brief for the appellee has been furnished to the *Reporter*.

Lindsay, J.—The judgment in this case is manifestly wrong. On the 17th day of July, 1863, John Lane and G. R. Wheeler executed and delivered their joint and several obligation, for the sum of $474, to W. H. Thomas and Joseph Brittain, administrators of Matilda Selvidge, paya-

ble to their order, twelve months after date. The obligees assigned this obligation to M. K. Selvidge, the appellee. One of the obligors, G. R. Wheeler, having departed this life before suit was brought by the assignee, the suit was instituted against the surviving obligor, and the surviving wife of the deceased obligor, who had returned an inventory of the community property of herself and her deceased husband to the probate court of the county, in compliance with the statute. Upon the trial a jury was waived, and the court rendered a judgment against the surviving obligor and surviving wife of the deceased obligor for the amount of the note sued on, together with accrued interest, and awarded execution, without qualification, against both defendants. The wife could only be sued in her representative capacity, and could only be made responsible for the debt of her husband to the extent of the property which came to her hands in that representative character. If she were an executrix or administratrix, the judgment against her could only have been against the assets in her hands, to be paid in course of administration, which could only be enforced against the community property, without making her otherwise liable for the debt. The statute authorizing her to return an inventory, certainly, upon principle and all the analogies of the law, could not have been intended to create a greater liability in the wife, as the surviving partner of the community estate, than existed against an executor or an administrator. The judgment of the court below, therefore, should have been so qualified as to subject the community property alone to the payment of the debt of the husband, contracted during the coverture. For this reason the judgment is reversed, the cause remanded, with instructions to the court below to confine the plaintiff in his pleadings to the subjection of the community property alone, which came to the hands of the surviving wife, to the payment of the note of the deceased obligor.

ORDERED ACCORDINGLY.